IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ONEWELL LLC** and **AYTEKIN OLDAC,**  Plaintiffs,  v.  **UNITED MEDICAL LLC** and **KEMAL ERKAN,**  Defendants.  **Serve:**  Kemal Erkan (Registered Agent) 161 Becks Wood Drive Bear, DE 19701 | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case _____  **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs OneWell LLC and Aytekin Oldac, by and through their attorneys, for its complaint against United Medical LLC and Kemal Erkan, allege as follows:

### PRELIMINARY STATEMENT

1. OneWell LLC and its owner and CEO, Aytekin Oldac, own and operate affiliated companies in Turkey that will be collectively referred to as "OneWell Turkey." United Medical LLC and its owner and CEO, Kemal Erkan, also have an affiliated business in Turkey called United TR Medikal Ticaret Ltd. ("United TR"). In recent years, OneWell Turkey has hired approximately nine United TR employees. These hires enraged Mr. Erkan and caused him, acting in his role as

CEO of United Medical, LLC, to make false and defamatory statements about OneWell LLC and Mr. Oldac by falsely accusing them of dishonest and criminal business practices in front of several United TR employees. United Medical, LLC, acting through its CEO Mr. Erkan, did this with malice, for the specific purpose of smearing OneWell LLC and Mr. Oldac to dissuade United TR employees from accepting employment at OneWell Turkey. In doing so, United Medical, LLC and Mr. Erkan also illegally and intentionally interfered with OneWell LLC and Mr. Oldac's prospective contractual relations.

## PARTIES, JURISDICTION, AND VENUE

2. OneWell LLC is a limited liability company registered in the Commonwealth of Pennsylvania with a principal office at 2141 Oregon Pike, Lancaster, PA 17601.

3. The President and CEO of OneWell LLC is Aytekin Oldac ("Mr. Oldac"), a Pennsylvania citizen domiciled in Pennsylvania.

4. United Medical LLC is a Delaware limited liability company under the laws of the State of Delaware with its principal place of business at 800 Delaware Ave, 5th Floor, Wilmington, DE 19801.

5. Kemal Erkan ("Mr. Erkan") is the CEO of United Medical and is a resident and citizen (for purposes of diversity jurisdiction) of Delaware.

6. Jurisdiction is proper under 28 U.S.C. § 1332(a)(1) as there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, as detailed in the prayer for relief below.

7. Venue is proper under 28 U.S.C. § 1391(b)(1) because Defendant United Medical LLC committed tortious conduct in the nation of Turkey that caused harm to Defendants in Pennsylvania within the district. Venue is proper over Defendant Kemal Erkan because he is jointly

and severally liable with Defendant United Medical LLC since he, acting as Defendant United Medical's CEO, committed the tortious conduct in question.

## FACTUAL ALLEGATIONS

8. OneWell LLC is affiliated with three Turkish companies (collectively, "OneWell Turkey"), namely Onewell Teknoloji ve Sağlık Destek Hizmetleri A.Ş. and Onewell Teknoloji ve Sağlık Destek Hizmetleri A.Ş., for which OneWell LLC is 100% shareholder, and Pyramos Software Teknoloji A.Ş. ("Pyramos"), which supplies services to OneWell LLC and of which Mr. Oldac is the owner of its parent company, Pyramos Software LLC.

9. United TR Medikal Ticaret Ltd. ("United TR"), incorporated in Turkey, is an associated company of United Medical LLC, incorporated in the United States.

10. United TR provides technical and "back office" support for United Medical LLC's revenue cycle, medical coding, and other service offerings. Upon information and belief, United TR's only customer is United Medical LLC, and its only business function is to support United Medical LLC's primary business offerings to U.S. based medical provider offices.

11. In online job postings, United TR holds itself out to the public as United Medical LLC or as United Medical LLC's "Ankara office," and identifies its leader as Mr. Erkan. United TR uses United Medical LLC's logo, branding, mission statement, and history in its online posts.

12. Mr. Erkan, as CEO of United Medical LLC and on behalf of United Medical LLC, functions as the principal "client contact" between United Medical LLC and United TR. Mr. Erkan travels to Turkey approximately 3 to 4 times a year during which time he meets with United TR staff to brief them on United Medical LLC's business and explain how United TR can best support United Medical LLC. Mr. Erkan also regularly communicates with United TR employees remotely from his home and office in Delaware.

13. Starting in 2023, employees of United TR began applying for jobs with OneWell Turkey. Since 2023, approximately 9 United TR employees have applied for positions and were hired by OneWell Turkey.

14. OneWell LLC and OneWell Turkey and United Medical LLC and United TR are not in business competition in any way, with OneWell LCC providing U.S.-based homecare and case management services, and United Medical LLC providing revenue cycle and related services for U.S.-based physician practices. Likewise, the Turkish companies exclusively support their respective American-based non-competitive affiliates, and are not in competition in any way.

15. Despite the non-competitive nature and lack of relationship between OneWell LLC and its affiliates and United Medical LCC and its affiliates, OneWell Turkey's hiring of United TR employees has angered Mr. Erkan, resulting in his repeated defaming of OneWell LLC and Mr. Oldac to United TR employees. For several years, Mr. Erkan has repeatedly claimed or asserted that OneWell LLC and Mr. Oldac were dishonest in business, engaged in illegal activity, and are involved with or sympathetic to Muslim extremists.

16. For instance, in July 2024, after two United TR employees left the company for positions at OneWell Turkey, Mr. Erkan called a meeting with United TR employees specifically to discuss OneWell. During this meeting, Mr. Erkan falsely told employees that he had spoken with Mr. Oldac about the situation, and falsely stated that Mr. Oldac agreed that OneWell companies would no longer hire United TR employees. He then falsely told the group that Mr. Oldac had violated their agreement, and that he would take steps to address the violation.

17. Mr. Erkan made these false and defamatory statements to Büşra Yamangenç, İlayda Canaz, Ufuk Duman, Mustafa Sinan Tekin, Şakire Fürtun, and Ugur Derebasi.

18. In fact, Mr. Oldac had never met or spoken with Mr. Erkan. Mr. Erkan made up this

entire story out of thin air, including that Mr. Oldac had violated an agreement between the two, for the specific malicious purpose of calling into question Mr. Oldac's integrity in business, and dissuading United TR employees from working at OneWell Turkey.

19. Sometime between January 27, and February 7, 2025, Mr. Erkan, in his role as CEO of United Medical LLC, made one of his regular trips to Turkey and met with employees of United TR.

20. During this meeting with United TR's employees, at United TR's corporate office in Ankara, Turkey, Mr. Erkan again discussed the loss of United TR employees to OneWell Turkey. During this meeting, Mr. Erkan falsely implied to the group that OneWell LLC and Mr. Oldac were evading taxes, stating they were involved in "certain tax-related arrangements," because otherwise they could not pay their employees as much as they were and be profitable. Like his false and defamatory statements in 2024, Mr. Erkan went on to say that he would be investigating these issues and taking necessary action. Mr. Erkan's implication that OneWell LLC and Mr. Oldac were engaged in illegal tax evasion was understood by individuals in the meeting.

21. Mr. Erkan made these false and defamatory statements, in Turkish, to Büşra Yamangenç, İlayda Canaz, Ufuk Duman, Şakire Fürtun, Samet Ünver, and Ugur Derebasi.

22. Mr. Erkan made these false and defamatory statements with malice, knowing they were false, or made them with reckless disregard for their truth, with the specific malicious intent of disgracing and damaging the reputations of Mr. Oldac and OneWell LCC in order to stop United TR's employees from taking employment positions with OneWell Turkey.

23. In doing so, Mr. Erkan falsely accused Mr. Oldac and OneWell LLC of engaging in serious criminal activity under Pennsylvania and Federal Law, namely tax fraud or tax evasion, and falsely maligned them in their trade or business, stating that their ability to pay their employees well

was derived from improper means.

24. As such, United Medical LLC's comments, made through its CEO Mr. Erkan, constitute defamation *per se* under Pennsylvania law.

25. Furthermore, in defaming OneWell LLC and Mr. Oldac, Defendants interfered with OneWell's prospective contractual relations with United TR employees, who had up to that point successfully pursued employment with OneWell LLC. Upon information and belief, several United TR employees present in these meetings were dissuaded from pursuing work at OneWell Turkey due to Mr. Erkan's statements that OneWell LLC and Mr. Oldac had previously agreed not to hire United TR employees and were in violation of that agreement, and were using illegal ends to compensate their employees.

## COUNT I
## Defamation *Per Se*
### (Against All Defendants)

26. Plaintiffs incorporate all of the allegations in paragraphs 1 - 25 of this Complaint as if fully restated herein.

27. Under Pennsylvania law, for a claim of defamation *per se*, a plaintiff must plead the following: 1) the defendant made a defamatory statement; 2) concerning the plaintiff; 3) the statement was published to a third party; and 4) a third party would understand the character of the communication as defamatory. A statement which is defamatory *per se* (for which damages are presumed) includes, but is not limited to, a statement that ascribe the commission of a crime or conduct or characteristics that adversely affect the plaintiff's fitness to properly conduct his profession, trade, or business.

28. Between January 27, 2025, and February 7, 2025, Kemal Erkan, acting in his role as CEO of United Medical and in his individual capacity, falsely implied to a group of approximately

six people that OneWell LLC and Mr. Oldac were evading taxes, because they could not otherwise pay their employees as well as they were and be profitable. Mr. Erkan went on to say that he would be investigating these issues.

29. Mr. Erkan published these false and defamatory statements to third parties, specifically six employees of United TR.

30. These false and defamatory statements directly concerned OneWell LLC and Mr. Oldac, who were mentioned by name. Mr. Erkan also demonstrated that he was referring to OneWell LLC by stating that he would be investigating the alleged tax fraud in the United States.

31. Upon information and belief, the parties to whom Mr. Erkan addressed these statements understood him to mean that OneWell LLC and Mr. Oldac were engaging in criminal activity for business advantage.

32. These false statements are defamatory *per se*, as they allege that Plaintiffs committed the crime of tax fraud or tax evasion, and that OneWell LLC and Mr. Oldac were operating their businesses illegally and illegitimately. Mr. Erkan's statements also constitute defamation *per se* because they were specifically designed to malign OneWell LLC and Mr. Oldac in their business and profession.

33. Defendants made these false and defamatory statements with malice, while knowing that they were false, or made them with reckless disregard for the truth that they asserted therein, for the specific purpose of disgracing and damaging the reputations of Mr. Oldac and OneWell LLC in order to stop United TR employees from working at OneWell Turkey.

34. Because these statements constitute defamation *per se*, damages to Plaintiffs are presumed, and Plaintiffs seek an award of compensatory damages for such against Defendants in the amount of $5,000,000.

35. Because Defendants made these statements willfully and with malice against Plaintiffs, punitive damages should be awarded, and Plaintiffs seek an award of such punitive damages of $5,000,000.

## COUNT II
### Intentional Interference with Prospective Contractual Relations
### (Against All Defendants)

36. Plaintiffs incorporate the allegations in paragraphs 1 - 25 of this Complaint as if fully restated herein.

37. Under Pennsylvania law, with a claim of intentional interference with prospective contractual or business relations, a plaintiff must plead and demonstrate the (a) the reasonable probability of a business opportunity; (b) the intentional interference by defendant with the opportunity; (c) absence of privilege; and (d) damages.

38. In July 2024, Kemal Erkan, acting in his role as CEO of United Medical and in his individual capacity, falsely stated to a group of approximately six people that OneWell LLC and Mr. Oldac, after having spoken to Mr. Erkan, had agreed to no longer hire United TR employees, and had falsely stated that they had broken that agreement. Mr. Erkan went on to say that he would be taking action to resolve this situation.

39. Between January 27, 2025, and February 7, 2025, Kemal Erkan, acting in his role as CEO of United Medical, LLC and in his individual capacity, falsely stated to a group of United TR employees that OneWell LLC and Mr. Oldac were evading taxes, because they could not otherwise pay their employees as well as they were and be profitable. Mr. Erkan went on to say that he would be investigating these issues and taking action in the United States.

40. Mr. Erkan published these statements to third parties, specifically six employees of United TR in each instance.

41. These false statements directly concerned OneWell LLC and Mr. Oldac, who were mentioned by name. Mr. Erkan also demonstrated that he was referring to OneWell LLC by stating that he would be investigating the alleged tax fraud in the United States.

42. Defendants made these false and defamatory statements with malice, while knowing that they were false, or made them with reckless disregard for the truth that they asserted therein, for the specific purposes of damaging Plaintiffs' reputation to interfere with OneWell LLC's prospective contractual relations, namely its hiring of United TR employees who had sought out employment opportunities from OneWell.

43. OneWell LLC had a reasonable probability of business opportunity, as it had already hired several United TR employees and at least one employee present for Mr. Erkan's statements eventually joined OneWell LLC as an employee.

44. Upon information and belief, Defendants' statements caused United TR employees to refrain from employment with OneWell Turkey, directly resulting from the statements made by Defendants, specifically that OneWell LLC and Mr. Oldac had broken a commitment not to hire United TR employees, and were engaging in tax evasion or tax fraud, and that Mr. Erkan would be investigating these matters in the future.

45. As a result of this interference, Plaintiffs seek an award of compensatory damages against Defendants in the amount of $500,000 arising from the loss of contractual relationships with potential United TR employees.

46. Because Defendants made these statements willfully and with malice against Plaintiffs, punitive damages should be awarded, and Plaintiffs seek an award of such punitive damages in the amount of $500,000.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs OneWell LLC and Mr. Oldac demand judgment as follows:

a) Enter Judgment in favor of Plaintiffs and against the Defendants, jointly and severally, on Counts I and II;

b) For Count I, award Plaintiffs and against Defendants, jointly and severally, compensatory damages in the amount of $5 million for damages to OneWell LLC's and Mr. Oldac's reputation, and, in regard to Mr. Oldac, associated pain and suffering, humiliation, and mental anguish. For Count II, award Plaintiffs and against Defendants, jointly and severally, compensatory damages in the amount of $500,000 for damages to OneWell LLC and Mr. Oldac's prospective contractual relations, and, in regard to Mr. Oldac, associated pain and suffering, humiliation, and mental anguish.

c) For Counts I and II, award Plaintiffs and against Defendants, jointly and severally, punitive damages in the amount of $5,500,000.

d) Granting Plaintiffs their reasonable attorneys' fees and costs, to the extent permitted under law, to be paid, jointly and severally, by the Defendants;

e) Awarding Plaintiffs pre- and post-judgment interest on the damages awarded to them for Counts I and II, to be paid, jointly and severally, by the Defendants; and

f) Granting Plaintiffs such other and further relief as the Court deems just and proper.

**Plaintiffs demands a trial by jury on all counts.**

Dated:  January 26, 2026

_____/s/_____
Anthony J. Marcavage, Esq. (PA Bar No. 327046)
John B. Flood, Esq. (admission *pro hac vice* pending)

Flood Law LLC
2600 Tower Oaks Blvd, Suite 290
Rockville, MD 20852
Tel.: (240) 403-2619
john@fmlaw.org
anthony@fmlaw.org
*Counsel for Plaintiffs OneWell LLC and Aytekin Oldac*